IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOME INSTEAD, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HOME CARE SERVICES NETWORK, LLC, d/b/a HOME INSTEAD HOME CARE SERVICES, LLC, <br><br> Defendant. | 8:12CV186 <br><br> ORDER AND PERMANENT INJUNCTION |

    This matter is before the Court on the motion for entry of default judgment and a permanent injunction (filing 12) filed by plaintiff Home Instead. The Court has carefully considered the index of evidence (filing 13) submitted by Home Instead's counsel and the allegations in its complaint (filing 1). The Court finds that judgment should be entered in favor of Home Instead and its motion for a permanent injunction granted.

    Service of process was obtained on defendant Home Care Services Network (HCSN) on or about June 1, 2012 (filing 6). HCSN has not answered or otherwise pled, and has not appeared in this matter. The Clerk filed an entry of default (filing 11) against HCSN on July 23, 2012. *See* Fed. R. Civ. P. 55(a). The Court finds that the requirements of Rule 55(b) have been satisfied. HCSN is deemed to have admitted the facts alleged in Home Instead's complaint. *See Stephenson v. El-Batrawi,* 524 F.3d 907, 915–16 (8th Cir. 2008).

    Home Instead has properly alleged violations of the Lanham Act and that HCSN breached the parties' consent agreement. Specifically, the Court finds that HCSN's conduct was a willful infringement of Home Instead's registered trademarks, in violation of 15 U.S.C. § 1114. HCSN's conduct also constituted unfair competition based on false designation of origin and false description, in violation of 15 U.S.C. § 1125(a). The Court finds that this violation was also willful. Further, this is an "exceptional case" entitling Home Instead to an award of attorney fees under 15 U.S.C. § 1117(a). *See Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church,* 634 F.3d 1005, 1013 (8th Cir. 2011).

Home Instead has not requested damages, but seeks $350.00 in costs and $8,846.00 in attorney fees, as well as entry of a permanent injunction. The Court finds that counsel's requested hourly rate is reasonable, as was the number of hours expended in bringing this case and obtaining default judgment. The Court will grant the requested costs and attorney fees. The Court also finds that HCSN's conduct has left Home Instead without an adequate remedy at law, and that Home Instead is entitled to entry of a permanent injunction.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for default judgment (filing 12) is granted.

2. Home Instead shall recover from HCSN the sum of $8,846.00 in attorney fees and $350.00 in costs.

3. Judgment shall be entered in favor of Home Instead and against HCSN, in the amount of $9,196.00. The judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

4. HCSN and its affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, attorneys, and persons, firms, or corporations under their control or in active concert or participation, are permanently enjoined from:

    (a) directly or indirectly displaying, advertising, promoting, providing, selling or offering for sale, licensing, supplying, or otherwise distributing services of any kind using the mark HOME INSTEAD HOME CARE SERVICES or any associated mark, or any other name or mark that is confusingly similar to the marks HOME INSTEAD or HOME INSTEAD SENIOR CARE;

    (b) directly or indirectly engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers, HCSN's customers, or members of the public, or otherwise cause them to believe that the actions of HCSN are sponsored by, licensed by, or in any way affiliated or connected with plaintiff Home Instead or the Home Instead Senior Care Network; and

  (c)  conspiring with, aiding, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

5. A separate judgment will be entered.

Dated this 28th day of September, 2012.

          BY THE COURT:

          _____
          John M. Gerrard
          United States District Judge